[No. 7750.    Decided March 9, 1909.]

## A. B. STEWART et al., Appellants, v. GRIFFITH DAVIES, Respondent.[1]

VENDOR AND PURCHASER—REMEDIES OF PURCHASER—ACTION FOR BREACH—CONTRACT—RESCISSION BY VENDEE—EVIDENCE—SUFFICIENCY. Findings upon conflicting evidence that a contract for the purchase of land had been mutually rescinded and was not breached by a subsequent sale to another, are supported and will not be reversed on appeal, where it appears that the contract was dated January 19, ten days was allowed to complete the deal, and the property was sold to a third party February 3d, after repeated interviews without completion of the contract, the vendor claiming that the vendee had orally rescinded for inability to perform, and where it appears that the value was probably not more than the purchase price, $22,500, one witness placing it less, and a $20,000 option to a third party having recently been permitted to expire, and there having been no great appreciation in value.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered November 13, 1907, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*James B. Howe, C. H. Farrell,* and *Peter L. Pratt,* for appellants.

*George E. de Steiguer,* for respondent.

GOSE, J.—This action was instituted by the appellants to recover damages for a breach of the following contract:

                                         "January 19, 1906.
"This is to acknowledge the payment by A. B. Stewart of five hundred dollars, it being a part of twenty-six thou-

[1]Reported in 100 Pac. 176.

sand five hundred dollars to be paid by him to me as follows:

"Twenty thousand dollars for tract of land in the Edward Hanford Donation Claim, consisting of twenty acres less a strip taken by city of Seattle for street and water pipe line.

"Four thousand dollars for the west half of the southwest quarter of section three, in township twenty-six, range four, east.

"Two thousand five hundred dollars for the north half of lot 4, in section 15, township 26, 4 east.

"Abstracts are to be furnished for each of these three properties, and ten days is to be allowed for completion of the deal by Stewart.

"Should he want fifteen thousand dollars to enable him to complete the purchases I am to advance him the money, taking a note bearing 7 per cent. interest and mortgage on the land.                                     Griffith Davies."

From a judgment in favor of the respondent, this appeal is prosecuted.

The complaint avers the making of the contract set forth, a sale of the twenty-acre tract of land situate in the Hanford donation claim to a party other than the appellants, and that at the time of such sale such tract had a reasonable market value of $45,000 or $50,000. The answer affirmatively alleged that, after the execution of the contract and before such sale, the appellant A. B. Stewart notified the respondent that he could not consummate such purchase, and gave his consent to the respondent to sell the property to persons other than the appellants. Issue was joined on each of these averments, except as to the making of the contract, which was admitted. The court found the following facts which are material to the consideration of the case:

"That thereafter on the 3d day of February, 1906, the defendant sold to Crawford & Conover the twenty-acre tract of land described in paragraph IV of the complaint, less a strip taken by the city of Seattle for street and water pipe line. That from the time of the making and delivery of the document set forth in paragraph I of the complaint, the

plaintiffs were not at any time ready or willing to complete said contract or to pay for the property therein described or any thereof, or the tract of land described in paragraph IV of the complaint, and never at any time offered or expressed their willingness to complete said contract or pay for said properties or any thereof, and failed and neglected, though repeatedly requested, to fulfill said contract or pay for said properties or any thereof up to the time the same was sold to said Crawford & Conover, as aforesaid. That the plaintiff, A. B. Stewart, was notified of the intention of the defendant to make said sale to Crawford & Conover, as aforesaid, and consented thereto."

It will be observed that the contract bears date January 19. The property was sold to Crawford & Conover February 3, following. Was the contract heretofore set forth in force at the time the respondent made such sale? The sale to Crawford & Conover is the only breach assigned. At the time of such sale, the appellants owned a one-seventh interest in the property, the respondent owned four-sevenths, and two other persons owned one-seventh each. The testimony of the respondent, in substance, is that the appellant A. B. Stewart, a few days prior to the sale of the property to Crawford & Conover, said to him that he could not carry out the sale; that his interests were with the respondent, and that the respondent could sell the property to parties other than the appellants. This the appellant Stewart stoutly denies. Between the date of the contract and the sale of the property to a third party, there were several other conversations between such appellant and the respondent in relation to the property, but the testimony as to what was said in each of them is equally conflicting. The value of the property at the time of the sale to Crawford & Conover, therefore, bears materially on the merits of the controversy. Here we find the evidence also conflicting. The purchasers paid $22,500 for the property. The value placed upon it by numerous witnesses ranges from $20,000 to $50,000. Mr. Crawford, a member of the purchasing firm, fixed its

value at $20,000, or $2,500 less than the selling price. The trial judge, who probably knew the witnesses, found its value to be not more than $22,500. This estimate of value is supported by a preponderance of the evidence. It also has the support of the circumstances surrounding the transaction. At the time of the execution of the contract to the appellants, a third party had recently permitted his option to purchase the property for $20,000 to lapse. There is no evidence tending to show any facts or circumstances which would cause the property to have any great appreciation in value between January 19 and February 3. The only evidence of such appreciation is the personal opinion of the appellants' witnesses, seemingly not based upon any important fact. We have not overlooked the fact that the appellants claim to have made a contract of sale of a one-third interest in the property to one Calhoun for $10,000, about January 30, 1906. The appellants' testimony is somewhat confused as to whether Calhoun had deposited with him his check or cash to this amount. It is stated both ways in the record. It is evident that the trial court was not favorably impressed with this testimony.

The conflict in the evidence is such that no useful purpose would be served by a further review. The learned trial judge saw the witnesses and heard them testify; there is ample evidence in the record to support his findings, and we will not disturb them. The judgment will therefore be affirmed.

RUDKIN, C. J., CHADWICK, FULLERTON, CROW, MOUNT, and DUNBAR, JJ., concur.